UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SERGEY GORYAEV,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26cv1020 DRL-SJF |

OPINION AND ORDER

Immigration detainee Sergey Goryaev filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. The Warden answered the petition, and Mr. Goryaev filed a reply.

Mr. Goryaev is a native and citizen of Russia who entered the United States on a B-2 visitor visa in 2021 and remained in the country beyond the authorized period [9-1]. He filed an application for asylum, withholding of removal, and protection under the Convention Against Torture [2]. In February 2025, he was arrested on charges related to robbery and possession of stolen property, charges that were dismissed in July 2025 [9-1; 2-1]. The arrest brought him to the attention of United States Immigration and Customs Enforcement (ICE), which issued him a letter, instructing him to report to a local field office. When he arrived for his appointment on March 27, 2025, he was arrested by ICE agents pursuant to an administrative warrant. He was then served with a notice to appear, charging him with

being removable under 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States longer than permitted.

On August 1, 2025, an immigration judge ordered Mr. Goryaev removed to Russia. On March 13, 2026, the Board of Immigration Appeals dismissed his appeal. Mr. Goryaev filed a petition for review with the Third Circuit Court of Appeals. He was granted a temporary stay of removal to allow time to consider his motion for a stay of removal, but his motion for a stay was denied on July 16, 2026, and the temporary stay vacated. *See Goryaev v. Attorney General*, No. 26-1845 (3d Cir. docketed Apr. 13, 2026) (Order of July 16, 2026). His petition for review is still pending.

Mr. Goryaev filed this habeas petition in July 2026, arguing his continued detention was unlawful because his detention had exceeded sixteen months and became unreasonably prolonged. At the time he filed his habeas petition, he was still under a stay of removal from the Third Circuit, preventing his removal; and he argued that even after judicial review ended, any removal to the Russian Federation remains uncertain because of difficulties in getting the Russian Federation to accept the return of its nationals.[1]

In answering the petition, the Warden (through his federal counsel) says Mr. Goryaev has not cooperated with ICE's removal efforts and has refused to complete and sign a travel

[1] Mr. Goryaev also raises issues surrounding the validity of his arrest. But because the parties agree that he is now subject to a final order of removal and detained under 8 U.S.C. § 1231, any potential defects with his detention under different statutory provisions while administrative removal proceedings were ongoing are irrelevant to his current detention. *See U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) ("A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment.") (quotations omitted).

document application form. On May 6, 2026, ICE served Mr. Goryaev with a letter informing him that, based on his refusal on April 16, 2026 to complete and sign a travel document application form, he would not be released [9-1]. He was told that his removal period had been extended and he would remain in ICE custody until he made reasonable efforts to comply with the removal order.

Mr. Goryaev disputes that he failed to cooperate. In his reply, he explains that when he was given the travel document form to complete, the form required information that he could not remember accurately at the moment, and he was not given a reasonable opportunity to review the form, verify the information, consult with an attorney, and complete it accurately. Instead, he alleges that he was pressured to sign the form immediately. Moreover, he asserts the information on the form is not necessary for the government to obtain a travel document for him because he has spoken to other detainees in similar situations and travel document requests have proceeded without this information in their cases.

The Warden first argues that the court lacks subject matter jurisdiction over Mr. Goryaev's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). The court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For reasons given before, jurisdiction is secure insofar as this opinion goes. *See Liang v. English*, No. 3:25cv1052, 2026 WL 835853, 1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.).

Turning to the merits of the petition, by statute, noncitizens who are subject to a final order of removal must be detained for a period of 90 days, during a "removal period." 8 U.S.C. §§ 1231(a)(1), (a)(2). This removal period begins on the latest of three events: (1) the

date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration confinement. 8 U.S.C. § 1231(a)(1)(B). The parties agree that Mr. Goryaev's removal period began on March 13, 2026, when the Board of Immigration Appeals dismissed his appeal (though that date might have changed if the Third Circuit had granted Mr. Goryaev's motion for stay of removal). Beyond this 90-day period, certain classes of noncitizens may be detained even longer—what the statute calls inadmissible aliens (under 8 U.S.C. § 1182), those who have violated their nonimmigrant status conditions (under 8 U.S.C. § 1227(a)(1)(C)), those who have committed certain crimes, such as aggravated felonies, drug trafficking, or illegal firearm offenses (under 8 U.S.C. § 1227(a)(2)), those removable for national security or foreign relations reasons (under 8 U.S.C. § 1227(a)(4)), and those whom the Attorney General determines to be a risk to the community or unlikely to comply with the order of removal. These noncitizens "may be detained beyond the removal period" or released on conditions of supervision. 8 U.S.C. § 1231(a)(6). For noncitizens who don't fall in these categories, if they are not removed during the 90-day removal period, they must be released, subject to conditions of supervision. 8 U.S.C. § 1231(a)(3).

The Warden argues Mr. Goryaev's failure to cooperate with removal efforts places him within the reach of 8 U.S.C. § 1231(a)(1)(C):

> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C. § 1231(a)(1)(C). If Mr. Goryaev's conduct falls under § 1231(a)(1)(C), then he is still in the removal period and his detention is authorized.[2] If his conduct does not fall under § 1231(a)(1)(C), then he is past the removal period, and there is no basis in the record to justify his continued detention under § 1231(a)(6) because the basis for his removal—§ 1227(a)(1)(B)—is not among those subsections listed that automatically authorizes detention beyond the removal period, and there is no determination that he is a risk to the community or unlikely to comply with the order of removal. *See* 8 U.S.C. § 1231(a)(6).

The court needs more information before it can determine whether § 1231(a)(1)(C) applies here. In the first federal appellate case to have addressed this issue, *Pelich v. I.N.S.*, 329 F.3d 1057 (9th Cir. 2003), the immigration detainee refused to complete an application for travel documents to Poland, and Poland expressly required the information on the application to determine whether it would issue him travel documents. *Id.* at 1059. The immigration detainee further frustrated removal efforts by providing the government with conflicting information about his identity and family. *Id.* The Ninth Circuit reasoned that "the detainee cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future if the detainee controls the clock" and held that "an alien

[2] The Warden argues that § 1231(a)(1)(C) serves to toll the *Zadvydas* period—the six-month period during which continued detention under § 1231(a)(6) is presumptively reasonable. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). However, the plain language of the statute extends the removal period, not the judicially-created *Zadvydas* period. In situations where a noncitizen's detention and alleged noncooperation comes well after the removal period has ended, the alleged noncooperation can prevent a showing that removal is not reasonably foreseeable on the basis that "one cannot typically create or self-inflict an alleged constitutional or other harm all one's own and then maintain standing to complain about it." *Gomez-Uranga v. English*, No. 3:26cv539, 2026 WL 2178864, 3 (N.D. Ind. July 29, 2026). But until the removal period ends, the *Zadvydas* analysis is premature.

cannot assert a viable constitutional claim when his indefinite detention is due to his failure to cooperate with the [government's] efforts to remove him." *Id.* at 1060-61. Building off this opinion, another circuit required a showing of bad faith—that the noncitizen intentionally withheld necessary information—before the removal period would be extended. *See Singh v. United States Att'y Gen.*, 945 F.3d 1310, 1314 (11th Cir. 2019).

Here, there is no information about the significance of the form Mr. Goryaev was asked to fill out, what information he did not provide, whether he had reasonable access to that information, and the importance of that information to the removal process. The Warden is silent about what requirements Russia has for repatriation of its citizens and whether the missing information is needed to remove Mr. Goryaev to Russia.

Additionally, assuming Mr. Goryaev's conduct does fall under § 1231(a)(1)(C), query what explains how Mr. Goryaev can cure any prior non-cooperation, raising the wonder whether his detention could become indefinite. Section 1231(a)(1)(C) has no time limit on how long the removal period may be extended for non-cooperation, and the regulations governing the extension of the removal period provide:

> The removal period shall be extended until the alien demonstrates to the Service that he or she has complied with the statutory obligations. Once the alien has complied with his or her obligations under the law, the Service shall have a reasonable period of time in order to effect the alien's removal.

8 C.F.R. § 241.4(g). The record here shows no action by ICE on removal efforts after May 2026 when Mr. Goryaev received the Notice of Failure to Comply. Three months passed between the Notice of Failure to Comply and the Warden's answer to the petition, yet there is no indication that Mr. Goryaev was given another opportunity to complete and sign the

travel document application form or told what he needed to do in order to show compliance. As noted in *Pelich*, the risk of indefinite detention does not exist when the noncitizen has "the keys to his freedom in his pocket" and can end detention by providing the requested information. *Pelich*, 329 F.3d at 1060 (cleaned up). But that applies only if Mr. Goryaev does, in fact, have the keys.

For these reasons, the court:

(1) ORDERS the Warden to file a response consistent with this order, a copy of the incomplete application for travel documents, and any other relevant documentation by **November 10, 2026**;

(2) GRANTS yesterday's motion from Sergey Goryaev [11] and ORDERS the Warden to include a response to the new information with his supplemental response; and

(3) ORDERS Sergey Goryaev to file any reply by **November 17, 2026**.

SO ORDERED.

November 3, 2026

*s/ Damon R. Leichty*
Judge, United States District Court